09-3570-ag
Lin v. Holder

BIA
DeFonzo, IJ
A095 710 068

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        JON O. NEWMAN,
        JOSÉ A. CABRANES,
                *Circuit Judges.*

_____

JIN YU LIN,
        *Petitioner,*

        v.                                    09-3570-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Hualian Law
                       Offices, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Francis W.
                       Fraser, Senior Litigation Counsel;
                       Linda Y. Cheng, Trial Attorney,
                       Office of Immigration Litigation,
                       U.S. Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jin Yu Lin, a native and citizen of the People's Republic of China, seeks review of a July 24, 2009, order of the BIA affirming the November 6, 2007, decision of Immigration Judge ("IJ") Paul A. DeFonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Yu Lin*, No. A 095 710 068 (B.I.A. July 24, 2009), *aff'g* No. A 095 710 068 (Immig. Ct. N.Y. City Nov. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In making that determination, the IJ found that Lin: (1) testified inconsistently

2

regarding the incidents that formed the basis of her claim; and (2) failed to provide sufficient corroboration. The BIA affirmed the IJ's adverse credibility finding, holding that the IJ properly identified material inconsistencies and omissions which supported the adverse credibility determination. We are not compelled to conclude to the contrary. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Although Lin argues that she adequately explained her inconsistent testimony, no reasonable factfinder would have been compelled to credit her explanations. *See id.* Moreover, the IJ reasonably declined to afford Lin's corroborative evidence weight because the friends who wrote letters were not available for cross-examination and because the letters were insufficient to overcome the numerous inconsistencies and omissions in Lin's testimony. *See Xiao Ji Chen v U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Inasmuch as each of Lin's claims share the same factual predicate, the IJ's adverse credibility determination is

fatal to her application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk